[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 57, and the defendant wife, 53, whose birth name is Brown, married on April 8, 1979 in Norwalk, Connecticut. The court has jurisdiction based on the plaintiff's continuous residence in this state for more than one year prior to the filing of his complaint for dissolution. There are no minor children nor has the State of Connecticut ever furnished financial assistance to either party. The court finds that the marriage has broken down irretrievably.
The plaintiff is the sole proprietor of Egan's Auto Care. He has operated auto service stations for many years since well before the present marriage. He also operates Egan's Corner Store which he purchased in May, 1996. At the time of trial, the operation had made no profit. His supplier, Shell Oil, has bestowed awards on his service station operation in the form of trips which are additional income for which he is issued Form 1099. CT Page 13360
He also had Egan's Food Mart located in Waterbury which he disposed of in 1994, receiving the balance of his money in 1995.
His actual income is somewhat difficult to determine. He lists monthly expenses of $5,494.00 on his April, 1997 financial affidavit, although he lists net income of $4,344.71. His own auto expenses, legal fees and insurance premiums are paid from the business.
The defendant has been employed in the upscale end of the bridal gown business for many years. Prior to this marriage she had been employed by Bonwit Teller. She then opened a Stamford bridal salon in 1979. She received $14,000.00 from the plaintiff in order to open. She opened a moderately priced bridal salon eleven years later. In 1992 she closed both stores. She then became a wedding consultant. In 1995 she was hired by Yumi Katsura, a New York City bridal salon as a store manager.
At the time of trial the defendant was earning $62,000.00 annually and had received a small bonus.
The parties' assets consist of a parcel of real estate known as 3 Aiken Street, Norwalk which the parties each value at $200,000.00 fair market value, subject to a mortgage balance of $55,000.00. Title is jointly held. They own a condo unit known as 46 Prospect Avenue, Norwalk which they agree has a fair market value of $50,000.00 burdened by a mortgage balance of $54,250.00.
There is a disagreement as to the value of the plaintiff's principal business, Egan's Auto Care. The plaintiff values it at $120,130.00. In 1994, the plaintiff had valued the business equity at $150,000.00, (Defendant's Exhibit E). The defendant's expert values the business at $240,224, (Plaintiff's Exhibit #19).
The plaintiff's second business, Egan's Corner Store has little value and no equity for Shell Oil provided 100% financing for its purchase. The court accepts the plaintiff's valuation of zero.
The plaintiff has four life insurance policies which he values at $34,870.00 net of loans taken against cash values. The remaining asset of significant value owned by the plaintiff in his deferred income held in IRA or mutual shares valued at CT Page 13361 $106,360.00.
The defendant has an IRA valued at $37,553.00, jointly owned stocks valued at $7,500.00, "personal property (Est.)" of $18,000.00, furniture and furnishings of "undetermined" value and a late model auto with no equity.
In considering the division of assets, the court is mindful of the provision in § 46b-81(c):
 "The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."
The court finds that the defendant made no significant contribution to the growth of the plaintiff's business while the plaintiff did make contribution to the operation of the defendant's business.
The marriage has been a difficult one for both parties. Both parties admit to being heavy drinkers of alcoholic beverages during their courtship and after being married. The plaintiff was treated for detox leading him to join AA. In 1984 he resumed the consumption of alcohol. In October, 1991, the plaintiff again stopped imbibing alcohol after the defendant had left the marital home in April, 1991. A reconciliation occurred in March, 1992.
Another contributing factor to the marriage strains was the plaintiff's bouts with depression, initially diagnosed in November, 1994. He is medicated for this condition as well as for asthma. He sees his doctor monthly.
The defendant is asthmatic and may have the onset of osteoporosis.
The plaintiff has an associate's degree. The defendant completed three years of college.
The final separation of the parties occurred on December 8, 1996 pursuant to an agreement approved by the court on November 12, 1996 (computer document #120) and so ordered giving the defendant exclusive possession of 3 Aiken Street. She was ordered to assume the mortgage payments, 2 months' arrears on this mortgage, insurance and all utilities. The plaintiff was given CT Page 13362 control of the condo unit then rented.
The parties resolved the division of furniture by Agreement dated and filed on April 23, 1997.
Having considered the evidence in light of the statutory criteria and relevant case law, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The defendant is awarded the plaintiff's interest in 3 Aiken Street, Norwalk, Connecticut "as is" and the defendant shall assume and pay the taxes and encumbrances thereon holding the plaintiff harmless and indemnified. If no quit claim deed is tendered within 30 days of date hereof, the transfer may be effected via statute made and provided.
3. The personal property shall be divided pursuant to the parties' agreement if not already done.
4. The plaintiff is awarded the defendant's interest in the condo unit at 46 Prospect Avenue, Norwalk, Connecticut "as is" and the plaintiff shall assume and pay the taxes, condo charges and encumbrances thereon holding the defendant harmless and indemnified. Statutory transfer shall be effected if necessary as ordered supra in #2.
5. The plaintiff shall retain his businesses, his deferred income in his IRA and mutual shares, his bank accounts and his life insurance policies.
6. The defendant shall retain her IRA, her auto, her "personal property" and her bank accounts.
7. The defendant is awarded the plaintiff's interest in the "Fleet/Chemical Stock, 117 shares."
8. The plaintiff shall pay to the defendant as periodic alimony the sum of $1.00 per year until the defendant's remarriage, the death of either party or further court order. The provisions of § 46b-86(b) apply to this order.
Counsel for the plaintiff shall prepare the judgment file. CT Page 13363
HARRIGAN, J.